UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERRY CATON, <br><br> Plaintiff, <br><br> v. <br><br> DAVID RENOLDS, *et al.*, <br><br> Defendants. | Cause No. 2:22-CV-156-PPS-JEM |

## **OPINION AND ORDER**

Terry Caton, a prisoner without a lawyer, filed a complaint that was not on the court's approved prisoner complaint form. [DE 1.] He was directed to resubmit his complaint on the proper form, and he has done so. [DE 3.] That amended complaint is now the operative complaint, and I will refer to those allegations without consideration of the prior complaint. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings . . . ."). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Caton is being detained at the Porter County Jail. He sues the Porter County Sheriff, the jail's commander, and an unnamed jail doctor on claims relating to the treatment of his Hepatitis C infection. His complaint, however, does not sufficiently explain what claims he is asserting, and therefore he will be given another chance to tell the Court what he thinks the defendants did wrong.

It appears from the complaint that Caton was previously incarcerated in Graham Correctional Center in Illinois and was part of a class action there regarding treatment for Hepatitis C.[1] Now, however, he is detained at the Porter County Jail in Indiana awaiting trial. He complains that his mother was not allowed to bring him the medication he was taking to cure his Hepatitis C infection. He seeks $1,000,000 in damages.

Because Caton is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Pre-trial detainees are entitled to adequate medical care. *Id.* at 353–54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022)

---

[1] Any claims relating to Caton's treatment while incarcerated in Illinois cannot be brought in this Court without some connection to Indiana. Therefore I do not consider those allegations here.

2

(citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819–20 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

I need more information from Mr. Caton to properly screen this case under Section 1915A. It is clear that Hepatitis C is unquestionably a serious medical need. And it appears that Caton was in the middle of a course of treatment when he was first detained in the jail. But the complaint does not identify which jail official was responsible for the break in treatment. Caton sues supervisory officials at the jail and an unnamed doctor. Caton does not seek an injunction ordering the sheriff to permit his mother to deliver the Hepatitis C medication. Instead, Caton seeks damages — $1,000,000 to be exact. But to sue them for money damages, Caton must allege how each defendant was personally involved in the denial of medical care. *See Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (personal involvement is necessary for individual liability under 42 U.S.C. § 1983). They cannot be held responsible just because they supervise the jail or the medical unit. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

This complaint, therefore, does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Caton may file an amended complaint because "[t]he usual standard in

3

civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number (Cause No. 2:22-CV-156-PPS-JEM) on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. In that amended complaint, he needs to explain what his medical need was, the steps he took to have that need addressed, and who at the jail was personally involved in his medical care. After he properly completes that form addressing the issues raised in this order, he needs to send it to the Court.

**ACCORDINGLY**:

The Court:

(1) **DIRECTS** the Clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Terry Caton;

(2) **GRANTS** Terry Caton until **December 13, 2022**, to file an amended complaint; and

(3) **CAUTIONS** Terry Caton if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

ENTERED: November 8, 2022.

                                                /s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT