UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERRY CATON, <br><br> Plaintiff, <br><br> v. <br><br> DAVID RENOLDS, and DR. TCHAPTCHET, <br><br> Defendants. | Cause No. 2:22-CV-156-PPS-JEM |

## OPINION AND ORDER

Terry Caton, a prisoner without a lawyer, filed an amended complaint. [DE 8.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Caton alleges that when he entered the Porter County Jail in August or September 2021, he was four weeks into an eight-week treatment of Mavyret, a medication that treats chronic Hepatitis C infections. [DE 8 at 2; *see* https://www.mavyret.com/ (last visited Nov. 22, 2022).] But, he says, Sheriff David Reynolds (named in the complaint as "David Renolds") and Dr. Tchaptchet would not

allow him to bring the medication into the jail because it was not on the jail's list of approved medications. [DE 8 at 2.] As a result, he was unable to finish the treatment. *Id.* He is seeking $1,000,000 in damages. *Id.* at 4.

Because Caton is a pretrial detainee, his rights arise under the Fourteenth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353–54. "To state a claim for inadequate medical care," a pretrial detainee must allege that: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citing *Miranda*, 900 F.3d at 353–54). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353.

At the pleading stage, Caton has stated a claim against Dr. Tchaptchet for a denial of constitutionally adequate medical care. Hepatitis C is a serious medical need, and stopping treatment halfway through could be an objectively unreasonable act.

2

Moreover, as the jail's doctor, it is plausible that Dr. Tchaptchet would be involved in the decisions concerning Caton's medical care.

However, the amended complaint does not sufficiently connect Sheriff Reynolds to the alleged constitutional violation. He cannot be held personally liable simply because he oversees the jail. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Instead, he must have some personal involvement in the decisions regarding Caton's medical treatment. But as a nonmedical officer, he may typically rely on medical staff's judgment regarding whether medical care is being appropriately provided. *See Miranda*, 900 F.3d at 343 ("When detainees are under the care of medical experts, non-medical jail staff may generally trust the professionals to provide appropriate medical attention."). The amended complaint has not explained how Sheriff Reynolds could be held responsible for decisions regarding Caton's medical care.

For these reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Dr. Tchaptchet in his individual capacity for compensatory and punitive damages for denying him access to his Hepatitis C medication halfway through the course of treatment when he entered the Porter County Jail in August or September 2021, in violation of the Fourteenth Amendment;

(2) **DISMISSES** David Reynolds (named in the complaint as "David Renolds");

(3) **DISMISSES** all other claims asserted by the plaintiff;

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Tchaptchet at Quality Correctional Care, LLC, with a copy of this order and the amended complaint [DE 8];

(5) **ORDERS** Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Dr. Tchaptchet to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: December 1, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT